UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIFIN, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUNSHINE PATHWAYS, LLC,<br><br>　　　　　　　　　Defendant. | Case No.: 16-CV-01218-GPC-DHB<br><br>**ORDER DENYING DEFAULT JUDGMENT**<br><br>[ECF No. 9]<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[ECF No. 7] |

　　　Before the Court is Plaintiff Xifin, Inc.'s motion for default judgment against Defendant Sunshine Pathways, LLC, ECF No. 9, and Plaintiff's motion to file documents under seal, ECF No. 7. No opposition has been filed. After a review of the complaint, the moving papers and the applicable law, the Court DENIES Plaintiff's motion for default judgment without prejudice and GRANTS Plaintiff's motion to file documents under seal.

## PROCEDURAL BACKGROUND

On May 19, 2016, Plaintiff Xifin, Inc. ("Xifin") filed a complaint against Defendant for breach of contract. ECF No. 1. After having served Defendant Sunshine Pathways, LLC ("Sunshine"), Plaintiff filed a request entry of default. ECF No. 5. The Clerk entered default as to Sunshine on July 27, 2016. ECF No. 6. Plaintiff then moved for default judgment on September 9, 2016.[1] Sunshine failed to file any opposition to Plaintiff's motion.

## THE PARTIES

Plaintiff is a San Diego healthcare information technology company that offers cloud-based billing services to clients, most of whom are healthcare diagnostic service providers. ECF No. 1 ¶ 7. Xifin markets this cloud-based system as its Revenue Performance Management system or "RPM." *Id.* Defendant is a clinical medical testing laboratory operating in Nashville, Tennessee. *Id.* ¶ 8.

## THE CONTRACT

All clients who use Xifin's proprietary system first enter into a written services agreement, or an RPM contract, with Xifin. *Id.* Plaintiff and Defendant entered into a written RPM contract ("the Contract" or "the Services Agreement") on March 17, 2015 for a term of 36 months. *Id.* ¶¶ 10-11. The following are a sampling of the key terms of the agreement.

- The Contract may be terminated earlier for cause if 1) the other party materially breaches the agreement and 2) if the other party fails to cure the breach within 60 days of written notice of the breach. *Id.* ¶ 11.
- In the event Xifin terminates the contract because of Sunshine's uncured material breach, Sunshine will have to pay the "Minimum Service Fee" for the remainder of the months of the term. *Id.* The "Minimum Service Fee"

---

[1] The Court notes that the motion for default judgment was tardy as Plaintiff failed to move for default judgment within thirty days of default as required by Local Civil Rule 55.1. *See* Local Civ. R. 55.1.

    is calculated according to Schedule 1 – Fees & Payments.  *Id.*; *see also* Services Agreement, § 9.4.2.

- Sunshine will pay 1.5% per month in late fees on all past due balances. Complaint ¶ 11; *see also* Services Agreement, § 3.4.
- The Contract is to be construed in accordance with the laws of the State of California, and all actions or proceedings arising in connection with the Contract are to be tried and litigated exclusively in the federal or state courts of San Diego, CA.  Complaint ¶ 11.

## DISCUSSION

### A. Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default is properly entered, a party seeking relief other than FOR a sum certain must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b).

Default judgments are ordinarily disfavored.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Accordingly, the Ninth Circuit looks to seven factors to assist the court in determining whether default judgment is appropriate.  The seven factors are:

  (1) the possibility of prejudice to the plaintiff;
  (2) the merits of the plaintiff's substantive claim;
  (3) the sufficiency of the complaint;
  (4) the sum of money at stake in the action;
  (5) the possibility of a dispute concerning material facts;
  (6) whether the default was due to excusable neglect; and
  (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.  Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages.  *Geddes v. United Fin. Grp.*, 559 F.2d

557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *Geddes*, 559 F.2d at 560. The decision to grant or deny default judgment is within the discretion of the district court. *Eitel*, 782 F.2d at 1471.

Here, Plaintiff has failed to address the *Eitel* factors. It also has failed to address personal jurisdiction and subject matter jurisdiction. *See e.g.*, *Tom Ver LLC v. Organic Alliance, Inc.*, 2015 WL 4638300 *2 (N.D. Cal. Aug. 4, 2015) (indicating that it would dismiss plainitff's request for default judgment unless it addressed the *Eitel* factors and specifically addressed the bases for subject matter jurisdiction and personal jurisdiction); *Hill v. First Integral Recovery, LLC*, 2009 WL 2781990 *1 (D. Ariz. Aug. 31, 2009) (denying motion for default judgment without prejudice for failing to address the *Eitel* factors).

Plaintiff has also failed to adequately addresses the amount of damages owed. Plaintiff's motion for default judgment states that Sunshine owes Xifin $680,943.80 in damages, consisting of $133,982.09 in unpaid services fees, $6,961.71 in unpaid finance charges, and $540,000 in unpaid minimum service fees. *Id.* at 3. To support its request for unpaid services fees and late fees, Plaintiff points the Court to a number of exhibits that amount to nothing more than an itemization of amounts owed by date. *See* ECF No. 9-3 at 2-3; *see also e.g.*, ECF No. 9-4 at 2, 4, 14. Plaintiff has not described the nature of the services it rendered nor the tasks it performed in anticipation of payment. The facts offered in support of Plaintiff's request for unpaid minimum services fees are similarly deficient. Plaintiff states that it included a copy of a spreadsheet "calculating the amount of unpaid Minimum Service Fees due under section 9.4.2 of the services agreement." ECF No. 9-3 at 3. That spreadsheet, however, also does nothing more than list the fees owed by date. *See* ECF No. 9-4 at 16, 18. Plaintiff has failed to explain how it arrived at the minimum services figures it seeks to recover and, moreover, has failed to perform the Section 9.4.2/Schedule 1 calculations for the Court.

/ / / /

/ / / /

Accordingly, Plaintiff's motion for default judgment is **DENIED** without prejudice for failing to provide adequate supporting documentation and for failing to address personal jurisdiction, subject matter jurisdiction, and the *Eitel* factors.

**B. Motion to Seal**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Yet access to judicial records is not absolute. *Id.* at 598. A narrow range of documents is not subject to the right of public access because such records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *id.* (quoting *Hagestad*, 49 F.3d at 1434). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure

/ / / /

/ / / /

And to justify sealing court records exist when "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598.

Here, Plaintiff Xifin seeks to seal the Services Agreement it entered into with Sunshine because it contains commercially sensitive business information. ECF No. 7 at 2. Plaintiff argues, the "pricing, proprietary service protocols and processes, and contractual terms" contained within the agreement could place Xifin at a disadvantage with future clients and competitors if disclosed. *Id.* at 3. The Court agrees with Plaintiff that the Services Agreement contains detailed information about Xifin's pricing structure, the nature of the services it provides, system security requirements, and instructions on how to use Plaintiff's cloud-based billing system, among other information, that could expose Plaintiff to a competitive disadvantage if revealed. *See In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding a compelling reason to exist where disclosure would reveal "sources of business information that might harm a litigant's competitive standing."). Accordingly, the Court finds that Plaintiff has demonstrated a compelling reason for the contract to be sealed and **GRANTS** Plaintiff's motion to seal.

## CONCLUSION

For these reasons the Court hereby **ORDERS** that Plaintiff's motion for default judgment, ECF No. 9, be **DENIED,** and that Plaintiff's motion to seal, ECF No. 7, be **GRANTED**. The Court further orders Plaintiff to file a renewed motion for default judgment within **30 days of this order.**

Dated: October 12, 2016

Hon. Gonzalo P. Curiel
United States District Judge